UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN M ALVARRAN, <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, a Delaware Corporation, <br><br> Defendant. | CASE NO. C10-5792BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant's ("BNSF") motion to compel production of documents (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 28, 2011, BNSF moved the Court to compel Plaintiff ("Alvarran") to produce documents responsive to its discovery request for production No. 15. Dkt. 17. On August 4, 2011, Alvarran responded in opposition to BNSF's motion to compel. Dkt.

19. On August 12, 2011, BNSF replied. Alvarran did not move for a protective order regarding this matter.

## II. FACTUAL BACKGROUND

This discovery dispute arises out of Alvarran's refusal to produce certain documents requested by BNSF. In Request No. 15, BNSF made the following request:

> Please produce all documents pertaining to your income, expenses and debt for each of the past five (5) years, to include tax returns, W-2 wage and earning statements, mortgage payements, car payments, vacation expenses, purchases of single items priced higher than $1,000 (i.e., car, boat, recreational vehicle (RV), gun, television, etc.), bank statements and balances, and credit card statements and balances.

Dkt. 17. It is undisputed that Alvarran produced his pay stubs, W-2s, and tax returns. It is also undisputed that Alvarran has not produced the remainder of the requested documents.

On June 9, 2011, the parties engaged in a discovery conference to discuss the documents withheld by Alvarran in response to Request No. 15. Declaratioin of Debra Dickerson (Dickerson Decl., Dkt. 18) ¶ 4. BNSF maintains, and Alvarran does not dispute, that Alvarran agreed at the discovery conference to produce the withheld documents. However, no production has been made to date, which is the basis for the instant motion to compel.

## III. DISCUSSION

To resolve this simple discovery dispute, the Court need not delve into the agreement(s) made or not made during the parties' discovery conference. In this case, Alvarran's Complaint includes a claim for "past, present and future non-economic

damages because [he is] disabled" and does not think his life "will ever be the same." *See, e.g.,* Dickerson Decl., Ex. A. at 4 (Alvarran's answer to Interrogatory No. 14). In short, Alvarran is making a claim against BNSF for lost physical activity and enjoyment of life. Based on this claim, the Court agrees with BNSF that Alvarran has placed his financial history at issue.

As BNSF persuasively points out, Alvarran's "financial documents can concretely confirm and clarify his whereabouts and activities." Because this evidence may be highly probative to BNSF's case and is not an unduly burdensome or an overly broad request, BNSF is entitled to discover all of the requested documents within the scope of its Request No. 15.

## IV. ORDER

Therefore, it is hereby **ORDERED** that BNSF's motion to compel (Dkt. 17) is **GRANTED**; Alvarran **SHALL** produce the outstanding documents requested by no later than September 30, 2011.

Dated this 13th day of September 2011.

BENJAMIN H. SETTLE
United States District Judge